UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 24-21325-CIV-DIMITROULEAS/HUNT

MVP TOMATOES LLC,

        Plaintiff,

v.

100% FOOD GROUP INC., et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Plaintiff MVP Tomatoes LLC ("Plaintiff")'s Expedited and Ex Parte Motion for a Temporary Restraining Order and for Expedited Discovery. ECF Nos. 7. The Honorable William P. Dimitrouleas, United States District Judge, referred this Matter to the undersigned United States Magistrate Judge for a Report and Recommendation. ECF No. 14; *see also* 28 U.S.C.A. § 636(b); S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Motion, the entire case file, the applicable law, the arguments of counsel at an April 23, 2024 hearing, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that Plaintiff's Motion be granted for the reasons outlined below.

Plaintiff is a tomato seller who sold tomatoes to Defendants and has only been partially paid for them. Plaintiff is now seeking a temporary restraining order ("TRO") pursuant to the Perishable Agricultural Commodities Act ("PACA"), as amended, 7 U.S.C. §§ 499a-t, to ensure Defendants do not dissipate assets owed to Plaintiff.

To qualify for a TRO, a plaintiff must show that (1) the plaintiff is substantially likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm without

preliminary relief; (3) the benefits of injunctive relief outweigh the harm to defendants; and (4) an injunction will serve the public interest.

The undersigned finds that Plaintiff has established it is substantially likely to succeed on the merits. To establish itself as a valid PACA Trust beneficiary of Food Group, MVP must show that: (a) its claim arises from the sale of produce in interstate commerce to Food Group; (b) Food Group is a commission merchant, dealer or broker, as defined by PACA; and (c) MVP provided Food Group with written notice of its intent to preserve its rights under PACA within 30 days after payment became due. 7 U.S.C. § 499e(c)(2) – (4).

Plaintiff has submitted evidence, namely, a Declaration by its President, Elizabeth (Liz) Torres, that states that Plaintiff sold perishable agricultural commodities subject to PACA to Defendants. ECF No. 10.  The Declaration states, with an accompanying "Trust Chart," that Plaintiff preserved its rights against Food Group as a trust beneficiary under the trust created by PACA.  *Id.* The Declaration states that Plaintiff has not received full payment for the tomatoes it sold to Defendants as required by PACA and the PACA Trust; and that Defendants owes Plaintiff $40,468.50, all of which is subject to PACA and the PACA Trust. *Id.*

Thus, Plaintiff has submitted adequate evidence to establish that it is a PACA Trust beneficiary of Food Group.  Although the tomatoes in question appear to have travelled only intrastate, PACA nonetheless applies. *See, e.g.*, *J.R. Brooks & Son, Inc. v. Norman's Country Mkt., Inc.*, 98 B.R. 47, 50 (Bankr. N.D. Fla. 1989) ("To apply the PACA trust protections to out of state suppliers while denying them to in-state suppliers would, rather

than advancing the free flow of interstate commerce, create an additional burden on such commerce.").

Accordingly, it appears that Plaintiff is substantially likely to succeed on its claims. Additionally, the Declaration, together with its attorney's Certification of Counsel, shows that there is evidence that Food Group is in financial distress and appears to not be in a position to pay Plaintiff's PACA Trust claim. This is enough to establish the likelihood of irreparable harm for the purposes of this TRO. *See Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 159 (11th Cir. 1990) ("Upon a showing that the trust is being dissipated or threatened with dissipation, a district court should require the PACA debtor to escrow its proceeds from produce sales, identify its receivables, and inventory its assets.") (footnote omitted). Given the underlying policy considerations of PACA and Plaintiff's establishment of its claim, the undersigned finds both that the benefits of the injunction outweigh the harms, and that the injunction will serve the public interest.

Additionally, the undersigned finds that the TRO should be granted without notice to Defendants. A court may grant a Temporary Restraining Order without notice to the adverse party if:

1. specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adversary party can be heard in opposition, and
2. movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. Pro. 65(b).

Plaintiff, via the Declaration, has adequately shown that notice would threaten the dissipation of PACA Trust Assets. *See Sun Commodities, Inc. v. Miami Produce Int'l Imp. & Exp., Corp.*, No. 08-61529-CIV-BANDSTRA, 2008 WL 4534258, at *2 (S.D. Fla. Oct.

3

7, 2008) ("If notice is given to Defendants of the pendency of this Motion, trust assets will be further threatened with dissipation before the Motion is heard. As noted in the legislative history of PACA once dissipation has occurred, recovery of trust assets is all but impossible."). Plaintiff's attorney has also certified why Food Group should not receive notice in accord with FRCP 65(b)(2).  ECF No. 11.

Additionally, for the reasons stated above, the undersigned finds that Plaintiff has demonstrated good cause for expedited discovery so that Plaintiff may timely identify Defendants' receivables and inventory assets.  *See Frio Ice. S.A.,* 918 F.2d at 159.

## **RECOMMENDATION**

For the reasons set forth above, the undersigned hereby RECOMMENDS that Plaintiff's Motion, ECF No. 7, be GRANTED as follows:

1.  Defendants, 100% Food Group Inc., Yanet Hoyos, David Hoyos, and Claor Consulting, LLC and their respective officers, agents, servants, employees, subsidiaries or related companies, financial and banking institutions, and attorneys, together with all other persons in active concert or participation with the aforementioned parties, should be temporarily enjoined and restrained from dissipating, paying, transferring, encumbering, assigning or selling any assets of 100% Food Group Inc. subject to the PACA Trust or paying any PACA Trust asset to any creditor, person, or entity until further order of the Court, full payment to MVP Tomatoes LLC by cashier's check or certified check, or upon MVP Tomatoes LLC's agreement.

2.  Under PACA, 7 U.S.C. §499e(c)(2), the assets subject to the Court's Order should include all of 100% Food Group Inc.'s assets, unless it, Yanet Hoyos, David Hoyos, or a third party can prove that a particular asset is not derived from perishable

4

agricultural commodities, inventories of food or other products derived from perishable agricultural commodities, or receivables or proceeds from the sale of such commodities or products. However, 100% Food Group Inc. should be allowed to sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, on the condition that 100% Food Group Inc. accounts for and maintains the proceeds of any sale subject to the Court's Order.

3. 100% Food Group Inc. should be ordered to serve a copy of the Court's Order on all banking or financial institutions with which it conducts business, or any person or entity who may be holding assets for it or on its behalf. Within three (3) days after serving the Court's Order upon these persons or entities, 100% Food Group Inc. should be required to file a Certificate of Service that lists the persons or entities that were served with the Court's Order.

4. Any banking or financial institutions receiving notice of the Court's Order should be ordered to (a) accept checks, ACH payments, or wire transfers 100% Food Group Inc. deposits into any account 100% Food Group Inc. maintains at that institution and (b) credit each deposit amount to the account balance.

5. No later than three (3) calendar days after receiving notice of this Court's Order, any banking or financial institutions with which 100% Food Group Inc. conducts business should provide MVP Tomatoes LLC's counsel with the amount currently on deposit for each account under 100% Food Group Inc.'s name.

6. For each account under 100% Food Group Inc.'s name, the banking or financial institution should produce copies of bank account statements, showing all debit

and credit items, checks, wire confirmations, check registers, and check stubs from January 1, 2024, through the date of production.

7. No later than five (5) calendar days after receiving notice of the Court's Order, 100% Food Group Inc. should produce to MVP Tomatoes LLC's attorney the following documents:

- Bank account statements, showing all debit and credit items, checks, wire confirmations, check registers, and check stubs from January 1, 2024, through the date of the Court's Order;
- A current detailed, aged accounts payable statement;
- A current detailed, aged accounts receivable statement; and
- A list of all assets and equipment owned at any time over the last year from the date of the Court's Order.

8. If the parties agree to settle the claims alleged in MVP Tomatoes LLC's Complaint in writing within five (5) calendar days after 100% Food Group Inc. receives notice of the Court's Order, the Court should relieve 100% Food Group Inc. from producing the documents, information, and tangible things specified in ¶7.

9. The $40,468.50 in PACA Trust assets belonging to MVP Tomatoes LLC and in 100% Food Group Inc.'s possession should serve as MVP Tomatoes LLC's security for this injunction as required by FRCP 65(c).

10. MVP Tomatoes LLC should be ordered to serve Defendants, or their registered agent, or their counsel, with a copy of the Court's Order by personal service, including by email, facsimile transmission, priority mail, or Federal Express.

11. A hearing on Plaintiff's Motion for Preliminary Injunction should be set fourteen (14) days after the date of this Court's Order.

Within seven (7) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 23rd day of April 2024.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
   The Honorable William P. Dimitrouleas
   All Counsel of Record