UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-21325-CIV-DIMITROULEAS

MVP TOMATOES LLC,

    Plaintiff,

v.

100% FOOD GROUP INC., et al.,

    Defendants.

_____/

**ORDER ADOPTING REPORT OF MAGISTRATE JUDGE;
GRANTING PLAINTIFF'S EXPEDITED AND *EX PARTE* MOTION FOR
TEMPORARY RESTRAINING ORDER AND FOR EXPEDITED DISCOVERY**

THIS CAUSE is before the Court on the Plaintiff MVP Tomatoes LLC ("Plaintiff")'s Expedited and *Ex Parte* Motion for Temporary Restraining Order and for Expedited Discovery (the "Motion") [DE 7], filed under seal on April 18, 2024, and the Report and Recommendation of Magistrate Judge Patrick M. Hunt (the "Report"), entered on April 23, 2024 [DE 17].

The Report states that any objections to the Report and Recommendation must be filed within seven (7) days of being served with a copy of the Report and Recommendation; accordingly, the Court is reviewing the Report and Recommendation prior to the expiration of the 14 days normally afforded to file objections. *See* [DE 17] at p. 7. As no timely objections have been filed, the Magistrate Judge's factual findings in the Report [DE 17] are hereby adopted and deemed incorporated into this opinion. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993). The Court agrees with Judge Hunt's analysis and conclusions of law as set forth in the Report [DE 17], which are incorporated herein as if fully set forth.

1

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Report [DE 17] is hereby **ADOPTED**. Plaintiff's Expedited and *Ex Parte* Motion for Temporary Restraining Order and for Expedited Discovery [DE 7] is **GRANTED** as follows:

1. Defendants, 100% Food Group Inc., Yanet Hoyos, David Hoyos, and Claor Consulting, LLC and their respective officers, agents, servants, employees, subsidiaries or related companies, financial and banking institutions, and attorneys, together with all other persons in active concert or participation with the aforementioned parties, are temporarily enjoined and restrained from dissipating, paying, transferring, encumbering, assigning or selling any assets of 100% Food Group Inc. subject to the PACA Trust or paying any PACA Trust asset to any creditor, person, or entity until further order of the Court, full payment to MVP Tomatoes LLC by cashier's check or certified check, or upon MVP Tomatoes LLC's agreement.

2. Under PACA, 7 U.S.C. § 499e(c)(2), the assets subject to this Order include all of 100% Food Group Inc.'s assets, unless it, Yanet Hoyos, David Hoyos, or a third party can prove that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products. However, 100% Food Group Inc. may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, on the condition that 100% Food Group Inc. accounts for and maintains the proceeds of any sale subject to this Order.

3. 100% Food Group Inc. shall serve a copy of this Order on all banking or financial institutions with which it conducts business, or any person or entity who may be holding assets for it or on its behalf. Within three (3) days after serving this Order upon these persons or entities, 100% Food Group Inc. shall file a Certificate of Service that lists the persons or entities that were served with this Order.

4.      Any banking or financial institutions receiving notice of this Order shall (a) accept checks, ACH payments, or wire transfers 100% Food Group Inc. deposits into any account 100% Food Group Inc. maintains at that institution and (b) credit each deposit amount to the account balance.

5.      No later than three (3) calendar days after receiving notice of this Order, any banking or financial institutions with which 100% Food Group Inc. conducts business shall provide MVP Tomatoes LLC's counsel with the amount currently on deposit for each account under 100% Food Group Inc.'s name.

6.      For each account under 100% Food Group Inc.'s name, the banking or financial institution shall produce copies of bank account statements, showing all debit and credit items, checks, wire confirmations, check registers, and check stubs from January 1, 2024, through the date of production.

7.      No later than five (5) calendar days after receiving notice of this Order, 100% Food Group Inc. shall produce to MVP Tomatoes LLC's attorney the following documents:

- Bank account statements, showing all debit and credit items, checks, wire confirmations, check registers, and check stubs from January 1, 2024, through the date of this Order;
- A current detailed, aged accounts payable statements;
- A current detailed, aged accounts receivable statements; and
- List of all assets and equipment owned at any time over the last year from the date of this Order.

8.      If the parties agree to settle the claims alleged in MVP Tomatoes LLC's Complaint in writing within five (5) calendar days after 100% Food Group Inc. receives notice of this Order, the Court relieves 100% Food Group Inc. from producing the documents, information, and tangible things specified in ¶ 7.

9. The $40,468.50 in PACA Trust assets belonging to MVP Tomatoes LLC and in 100% Food Group Inc.'s possession will serve as MVP Tomatoes LLC's security for this injunction as required by FRCP 65(c).

10. MVP Tomatoes LLC shall serve Defendants, or their registered agent, or their counsel, with a copy of this Order by personal service, including by email, facsimile transmission, priority mail, or Federal Express no later than **May 6, 2024**, and shall file an affidavit of compliance in the record within three (3) days thereafter.

11. Plaintiff's Expedited Motion for Preliminary Injunction [DE 12] remains **REFERRED** to Magistrate Judge Hunt, *see* [DE 14], who shall, by separate order, set a hearing on the Motion for Preliminary Injunction to take place no later than fourteen (14) days after the date of this Order.

12. The Clerk is **DIRECTED** to place this Order, **UNSEALED**, in the publicly accessible docket.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 1st day of May, 2024.

*[signature]*

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Magistrate Judge Hunt
Counsel of Record